*EXHIBIT A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
                        Index No.

-----------------------------------------------------------

MARRIANA HECKMAN,
                        Plaintiff,

-against-

ROCKAWAY JET SKI, LLC,

                        Defendant.

-----------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-----------------------------------------------------------

**THE LEVY LAW FIRM, P.C.**
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 227-1222



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIANNA HECKMAN,

                Plaintiff,

-against-

ROCKAWAY JET SKI, LLC,

                Defendant.

---

Filed:_____

INDEX NO. _____

Plaintiff designates
QUEENS County as the
place of trial.

**SUMMONS**

The basis of venue is
Place of occurrence

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
       December 26, 2013

**THE LEVY LAW FIRM, P.C.**

By: Jamie B. Levy
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 227-1222

ROCKAWAY JET SKI, LLC
375 Beach 92nd Street
Rockaway Beach, New York 11693
Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO. _____

MARIANNA HECKMAN,

                Plaintiff,

**VERIFIED COMPLAINT**

-against-

ROCKAWAY JET SKI, LLC,

                Defendant.

---

Plaintiff, MARRIANA HECKMAN, by her attorneys, THE LEVY LAW FIRM, P.C., as and for her Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, MARRIANA HECKMAN, at all times herein mentioned was and still is a resident of the State of New Jersey.

2. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned was and still is a domestic corporation duly organized and existing under and by the virtue of the laws of the State of New York.

3. The defendant ROCKAWAY JET SKI, LLC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned conducted and carried on business in the County of Queens, City and the State of New York.

5. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned was and

still is a partnership doing business in the County of Queens, City and the State of New York.

6. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Queens, City and the State of New York.

7. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Queens, City and the State of New York.

8. The defendant, ROCKAWAY JET SKI, LLC, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Queens, City and the State of New York.

9. At all times herein mentioned, defendant ROCKAWAY JET SKI, LLC, transacted business within the State of New York.

10. That on or about June 23, 2013, defendant was in the business of renting out jet skis to its patrons.

11. That on or about June 23, 2013, the plaintiff MARIANNA HECKMAN was lawful patron of the defendant for the purposes of renting one of its jet skis.

12. That on or about June 23, 2013, defendant was the owner of a certain jet ski, which was involved in an accident.

13. That on or about June 23, 2013, defendant was one of the owners of a certain jet ski, which was involved in an accident.

14. That on or about June 23, 2013, defendant was the lessee of a certain jet ski, which was involved in an accident.

4

15. That on or about June 23, 2013, defendant was the lessor of a certain jet ski, which was involved in an accident.

16. That on or about June 23, 2013, defendant maintained a certain jet ski, which was involved in an accident.

17. That on or about June 23, 2013, defendant controlled a certain jet ski, which was involved in an accident.

18. That on or about June 23, 2013, defendant repaired a certain jet ski, which was involved in an accident.

19. On or about June 23, 2013, a patron operated a certain jet ski, which was involved in an accident, with the express knowledge, permission, consent, express or implied of its owner, ROCKAWAY JET SKI, LLC.

20. That on or about June 23, 2013 at or about 5:35 p.m., while plaintiff MARIANNA HECKMAN, was lawfully and properly operating one of the defendant's jet skis in the County of Queens, State of New York a certain jet ski owned by the ROCKAWAY JET SKI, LLC and being operated by one of its patrons came into violent contact with the plaintiff, due to the negligence, carelessness, willful and wanton disregard of the defendant which resulted in said plaintiff sustaining severe and serious permanent injuries.

21. That the defendant ROCKAWAY JET SKI, LLC herein, was negligent, reckless and careless in: failing to keep their jet ski under reasonable control given the totality of the circumstances; failing to keep a vigilant lookout of their patrons; failing to properly instruct their patrons in the proper way to operate and more particularly how to stop the jet ski; in allowing their patrons to operate said jet ski at an improper rate of speed under the circumstances then and there

5

prevailing; in failing to ensure their patrons operated said jet ski with reasonable prudence and care; in failing to instruct their patrons on how to slow down and proceed with caution; in allowing their patrons to operate said jet ski in a negligent, reckless and careless manner; in failing to properly supervise their patrons; in failing to instruct their patrons on how to yield; in failing to instruct their patrons to use caution; defendant ROCKAWAY JET SKI, LLC failed to instruct their patrons in the proper operation, maintenance and control of said jet ski; in ROCKAWAY JET SKI, LLC 's entrusting of said jet ski to their patrons; failing to warn the plaintiff so as to afford her the opportunity to avoid the collision; failing to safeguard the plaintiff from said accident; and being otherwise negligent, reckless and careless in the ownership, operation, maintenance, and control of said jet ski(s); and in that Defendant was otherwise negligent.

22. Solely as a result of the defendant's negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

23. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

24. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

25. Due to the defendant's negligence, the plaintiff MARRIANA HECKMAN is entitled to damages in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION

6

26. Plaintiff MARRIANA HECKMAN repeats and realleges each and every allegation contained in paragraphs numbered "1" through "25" of the Complaint as if fully set forth at length herein.

27. That the dangerous instrument which was being operated by a patron of the defendant, was owned by the defendant, ROCKAWAY JET SKI, LLC.

28. The defendant, ROCKAWAY JET SKI, LLC had a duty to ensure that their patrons were not in charge of the operation of a dangerous instrument.

29. That the defendant breached that duty in negligently entrusting a dangerous instrument to one of their patrons.

30. That the defendant knew or should have known that negligently entrusting a dangerous instrument to one of their patrons would cause injury to the plaintiff and those in and about said area.

31. Due to the defendant's negligence, the plaintiff MARRIANA HECKMAN is entitled to damages in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff MARRIANA HECKMAN repeats and realleges each and every allegation contained in paragraphs numbered "1" through "31" of the Complaint as if fully set forth at length herein.

33. That on or about June 23, 2013, the defendants, ROCKAWAY JET SKI, LLC, was negligent and careless in the supervision of their patrons and as a direct result of the aforesaid negligence and lack of due care of the defendant, the plaintiff, MARRIANA HECKMAN, was caused to sustain serious and permanent injuries.

7

34. Due to the defendant's negligence, the plaintiff MARRIANA HECKMAN is entitled to damages in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction together on the First Cause of Action; in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Second Cause of Action; in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Third Cause of Action; together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
December 26, 2013

By: Jamie B. Levy
SHESTACK & LEVY, LLP
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 227-1222

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARRIANA HECKMAN,

               Plaintiff,

-against-

ROCKAWAY JET SKI, LLC,

               Defendant.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

Jamie B. Levy, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am an associate of the firm of SHESTACK & LEVY, LLP, the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because he is not in the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       December 26, 2013

                                    JAMIE B. LEVY